All right, our eighth case for today is United States against Cosman 202752 and we should have mr. Niemann and mr. Finland. We seem to have both of you. All right, so mr. Niemann Thank You honors may it please the court counsel, my name is Nate Niemann I represent Timothy Cosman who's Federal defendant who's incarcerated currently at the Thompson Correctional Center in Thompson, Illinois The issue in this case is whether the district court quote-unquote considered the 3553 a factors under the compassionate release statute When it failed to consider how those of factors applied now as opposed to when a defendant was originally sentenced so this isn't a Case where the court did not consider the factors at all Or this isn't a case where we're arguing that the court applied Improper emphasis on certain factors. This is a case that Asked the court to determine what the meaning of the word considered means In the context of the compassionate release statute Sentencing factor that was raised in the motion for compassionate release. Are you claiming that the court didn't address? Well, your honor the gist of my argument is that The court didn't address the pertinent 35 53 a factors in the context of mr. Cosman's specific circumstances, but my question is What specific? 3553 a factor or factors did your client ask the court to center or Argue in support of his motion that the court did not consider Well, your honor as the government points out in Its brief the 3553 a factors that Cosman asked the court to consider were the 3553 a factors that were identified In mr. Cosman's sentencing memorandum. It's by and I think you can see that the court did consider those Actually, I take it a step further I thought the court signaled at least that it was thinking of the present time as well as Not very long ago at the time of sentencing in that it's saying it's standing by its earlier analysis It thinks the same reasons counseled the result still basically So if the court is is basically just saying I don't think anything has changed Then that's a way of signaling that it's taking a contemporaneous look which is all you seem to be arguing he should have done Well, your honor, I I think that from As the court probably well knows that the emphasis has shift for these compassionate releases from extraordinary circumstances really to 3553 and I think it's both I Circumstances, but that factor doesn't seem to be as contested as it initially used to be it didn't and my observations of current case law that are coming out of the district courts and have not Wended their way to the Court of Appeals yet Is that the court in many cases the government is conceding or or it's it's pretty much easily shown that there's extraordinary circumstances and most of these Petitions or most of these motions now are being denied on 3553 a grounds and so if a district court simply says well I stand on my 3553 and a Analysis that I made at the time of the original sentencing. That's not that's not considering the 3553 a Understand that why can't afford particularly when the sentencing was as recent as it had been for mr Cosman Essentially say, you know, I see you now, but nothing in my opinion has changed to suggest that you should just be relieved of the rest of your sentence and Put out even though as you say everybody agreed, you know, there's these the kovat family of cases, right? The and mr. Cosman certainly has his medical issues. And so the government wisely is not Contesting extraordinary and compelling Circumstances, but but that's not the only thing the BOP for for forever has treated Prisoners who were ill and a lot of the district judges are saying they think that's enough And why isn't that especially true? here where the court said it continues to believe right as it did at sentencing and your client never identified any New or additional 3553 a factors that the court should consider Well, your honor what what I would like to point out is what I pointed out in my reply that when in this this goes to the the government's waiver argument is that When I referenced the 3553 a factors that the court Considered at the time of sentencing I was identifying the 3553 a factors, which I wished the district court to consider and In this particular case, there's only one 3553 a factor that the court can say is relevant to Or directly tied to the defendant's current situation and that is that he would receive a windfall If his sentence was reduced and the rest of the 3553 a factors that the court considers for instance the The circumstance of the offense which are not going to change his criminal history, which is not going to change the fact that he used to be a hard worker good friend and Exercised bad judgment in this case obstructed the bank's efforts to pay the loans. Those aren't going to change and With respect to the deterrent value of the sentence and the public protection those are things that that that the court considered but are not Relevant to the defendants current circumstances So is it that you think the court should have considered that the court didn't? Well, I think that the court should have considered How the extraordinary circumstance in this case particularly affected mr. Cosmo for instance The court did consider the extraordinary circumstances and found that there were extraordinary circumstances But that's under compassionate release motions That's not the only factor that law does not say that if you meet the extraordinary circumstances You are automatically entitled to compassionate release there's the second prong of It and the courts are looking at 3553 a factors that I don't understand Especially when we're reviewing for an abuse of discretion how the court could abuse its discretion For not considering something that you're not even identifying what should have been considered well, I think that Probably the most prominent factor would be the type of sentence available and The courts to the district court stated that it believed the sentence it imposed was the best Sentence available. It didn't consider whether the whether there were other sentences available such as home confinement or electronic home monitoring Supervised release. Why isn't it implicitly considering that in its 3553 a analysis that it's standing by its earlier sentencing analysis well, because the when mr. Cosman was sentenced the pandemic hadn't happened yet, so the Considerations the court acknowledges the pandemic here and even looks at the most recent positive cases at the Thompson Penitentiary at the time that he filed his since the time he filed I See that I have about one minute remaining so I'm going to reserve With respect to the answer to that question The The court indicated that it had Considered Considered his extraordinary circumstance, but it's our position that he didn't consider that in conjunction with With the 3553 a factors Okay Mr. Finland Good morning, your honors Ryan Finland on behalf of the United States may it please the court Assuming mr. Cosman didn't waive his challenge The district court in denied compassionate release did not abuse its discretion when considering the 3553 a factors First the court's order contains ample references showing that the 3553 a factors Were considered as applicable at the time of the emotion at the time of the motion and the original sentence and second the order demonstrates that the court considered the 3553 a factors as Is required by section 35 82 C 1 a as to the waiver argument? Waiver is a knowing and intelligent decision and that's demonstrated by the defendants motion. That's docket entry 45 when in addressing a motion for compassionate release It only includes two paragraphs as to the 3553 a argument Compassionate release is a three-legged stool exhaustion extraordinary circumstances and 3553 a factors the Defendant decided to steer the court away from new factors by saying I'm going to rely on a brief or a memo That's 11 months old and then the defendant to his credit didn't move on to contemporaneous factors, which is Courts do consider rehabilitative efforts, but that's not an affirmative 3553 a argument that is a I guess an excuse for direction away from the possible rehabilitation bill Rehabilitative efforts of the defendant made and saying don't consider those because he has been locked down. He has not had an opportunity So there was no affirmative section 3553 a argument so to the court's question What should the court have considered that if any asked them to? the defendant didn't ask him to consider new factors and Even if we do move past that waiver argument to the abuse of discretion standard The district court did in fact Consider the 3553 at a factors as of the time of the motion there. I cite four examples one is that the court said that the Original reasons are going to counsel meaning they are going to assist this order in this order being the new contemporaneous order to that the defendant served eight of 36 months The fact that the defense served eight of 36 months is a fact that is only true as of the time of the motion And was certainly not true as of the time of the original sentencing. So there is consideration of new facts third as the court noted the opinion states that it continues to believe as It did it sentencing unquote there. It's another recognition that the court is considering both Contemporaneous facts and past facts and for in its last page of the order the court notes that there are conditions that USP Thompson that include 88 positive cases, but the defendant is actually housed at the Thompson camp, which has zero cases Before August or excuse me, September of 2020 No one had heard of Excuse me at the time of the sentencing. No one had heard of coke So that's only a fact that's true as of the time of the motion not at the time of the original sentence and the court is only required to Consider those factors that are applicable that it deems applicable. That's the Clayton decision out of this court from 2016 and the district court identified five factors section 35 53 a 1 a Through a to see in a three as the applicable factors counseling its decision So even if the defendant had not waived the district court provide the ample consideration Unless there are any questions for me the United States would rely on its brief and ask that this court affirmed the district court in all respects One question And that is with the actual loss Supposedly with the bank fraud he's exposed to millions of dollars And I assume when he's a farmer and he ledges he's got Vehicles and other things that he doesn't own and etc. Is there some determination? When this is not even wrapped up, whatever the status is is how much money it did the bank actually lose? Yes, your honor, I believe that's the subject of a collateral attack So I believe that motion has been stayed pending the resolution of this compassionate release Arguable. Okay. I'm only curious, but if you don't have an answer, I guess so Yes, I believe that is the argument that has been raised I believe There is a the government's position is there is intended loss that should be factored in and That's the difference. It may have been a lot exposed. The question I have is What? Did he get away with in the amount of money and maybe it's not a quick question. Everything's still up in the air There are a lot still up in the air. I know there was loans totaling eight million dollars and then the bank Suffered it I believe a two million plus loan somewhere between two and three million dollars your honor two point I'm page five at the order. It says two million nine hundred sixty three thousand, etc And thank you, your honor. I did not have that number readily available. I knew it was somewhere between two and three million That's a lot of money All right, um any other any further questions from the panel All right, thank you very much. Mr. Finley anything further. Mr. Newman All right, well, thanks very much to both counsel the court will take this case under advisement